UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

REBECCA WOLCOTT
on behalf of herself and other persons
similarly situated, known and unknown;

       Plaintiff,

Case No._____
Hon._____

v.

AIDING HEARTS LLC; and
LISA HERRGUTH;
jointly and severally.

       Defendants.

_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
**Attorneys for Plaintiff**
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff REBECCA WOLCOTT on behalf of herself and similarly situated persons, known and unknown, by and through her attorneys the

MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and for her Complaint, does hereby allege as follows:

### I. NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under The Fair Labor Standards Act, 29 U.S.C §201 *et. seq.* ("FLSA") and the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.* ("MMWL") for Defendants' failure to pay minimum wage and overtime wages to the Plaintiff and other similarly situated employees. Defendants' unlawful compensation practices have denied Plaintiff and similarly situated persons their earned wages.

### II. JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C § 1331 and 29 U.S.C § 216(b).

3. This court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367. The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues

4. Venue is proper pursuant to 28 U.S.C §1391, since all Defendants reside in or are located within this District and the events giving rise to this actions occurred in this District.

### III. PARTIES

5. Plaintiff REBECCA WOLCOTT resides in the City of Rochester Hills

in Oakland County, Michigan and is a citizen of the United States. In 2018, Plaintiff REBECCA WOLCOTT worked at AIDING HEARTS LLC in Bath, Michigan.

6. Defendant AIDING HEARTS LLC ("AIDING HEARTS") is and was at all times material hereto, a body corporate incorporated and registered under the laws of the State of Michigan. The Defendant AIDING HEARTS maintains its headquarters in the Township of Bath in Clinton County, Michigan.

7. Defendant LISA HERRGUTH is a resident of the Township of Bath in Clinton County, Michigan and, at all times material hereto, was an owner, officer, and/or manager of the Defendant AIDING HEARTS.

### IV. COMMON ALLEGATIONS OF FACT

8. The Defendant AIDING HEARTS is, and was engaged in the business of providing in-home care to clients.

9. In the spring and summer of 2018, Plaintiff REBECCA WOLCOTT was employed by the Defendants as a home health aide.

10. When the Plaintiff REBECCA WOLCOTT began working with the Defendants she was told that she would be paid $10.00 per hour for all work and Plaintiff agreed to be hired at that rate.

11. As a home health aide, Plaintiff RECECCA WOLCOTT and similarly situated persons were required to travel to clients' homes throughout the day to provide in-home care.

3

12. The Defendant LISA HERRGUTH were at all times material hereto, an owner, officer, manager, and/or employee of the Defendant AIDING HEARTS.

13. The Defendant LISA HERRGUTH exercises significant control over the operations of the Defendant AIDING HEARTS. She had and has supervisory duties, participates in and/or sets employee policies, and, at all times, acted in the interest of the Defendant AIDING HEARTS in relation to the Plaintiff REBECCA WOLCOTT and similarly situated persons.

14. Each of the Defendants were individually, jointly, and/or alternatively an employer of the Plaintiff REBECCA WOLCOTT and similarly situated persons.

15. Defendants operated as a single enterprise or alternatively, some combination of these Defendants operated as a single enterprise.

16. At all times, federal and Michigan laws required that the Defendants compensate the Plaintiff REBECCA WOLCOTT and similarly situated persons at wage rates in amounts that met or exceeded the minimum wage rate.

17. Under the Fair Labor Standards Act, the federal minimum wage rate is $7.25 per hour.

18. Under The Michigan Workforce Opportunity Wage Act, the state minimum wage rate is $9.25 per hour.

19. Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons, for all hours worked and regularly paid her less than the amount of wages she earned.

20. During and after her employment with the Defendants, Plaintiff REBECCA WOLCOTT requested that she be paid for all hours worked.

21. Despite her requests, the Defendants refused to compensate Plaintiff REBECCA WOLCOTT for all hours worked.

22. Throughout the time of her employment, the Defendants failed to maintain proper records of their employees' work time and had a policy or practice, which applied to all employees, of not investigating disputed hours and not paying employees' for those hours.

23. As a result of not paying employees' for all hours worked, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal or state minimum wage rates.

24. During her employment, Plaintiff REBECCA WOLCOTT and similarly situated persons were required to travel to several different patient homes located throughout central Michigan within a single day.

25. Throughout the time that she worked for the Defendants, Plaintiff REBECCA WOLCOTT and similarly situated persons were required to drive her own vehicle to and from work assignments at clients' homes.

26. Throughout the time that she worked for the Defendants, Plaintiff REBECCA WOLCOTT and similarly situated persons were required to use their own vehicles to drive clients to and from client appointments, meetings, errands, etc.

27. During her employment with the Defendants, Plaintiff REBECCA WOLCOTT requested that she be reimbursed for gas and mileage for travel to and from work assignments.

28. Despite her requests, the Defendants refused to reimburse Plaintiff REBECCA WOLCOTT for gas or mileage to and from her work assignments.

29. Throughout the time of her employment, the Defendants maintained a policy, which applied to all employees, of not paying employees' gas or mileage for travel to, from, and between work assignments.

30. As a result of Defendants' policy, Plaintiff REBECCA WOLCOTT and similarly situated persons incurred the costs of gas and mileage, which are a necessary business expense of Defendants operations.

31. As a result of not reimbursing employees' for gas and mileage, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal or state minimum wage rates.

32. During her employment with the Defendants, Plaintiff REBECCA WOLCOTT and similarly situated persons were required to buy supplies, including non-latex gloves, to use during the course of her work day.

33. Defendants never reimbursed Plaintiff REBECCA WOLCOTT or similarly situated persons for the cost of the supplies.

34. As a result of Defendants' policy, Plaintiff REBECCA WOLCOTT and similarly situated persons incurred the cost of supplies, which are a necessary business expense of Defendants operations.

35. As a result of not reimbursing employees' for necessary supplies, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal or state minimum wage rates.

36. Under the Fair Labor Standards Act and the Michigan Workforce Opportunity Wage Act, Defendants are required to pay Plaintiff REBECCA WOLCOTT and similarly situated persons compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

37. Throughout the time that she worked for the Defendants, Plaintiff REBECCA WOLCOTT and similarly situated persons would be required to work more than forty (40) hours in a workweek and were not paid at the required overtime rates.

38. Defendants had a policy and/or practice of not compensating employees for their time spent travelling to and from work assignments.

39. When travel time is included within her workweek, Plaintiff REBECCA WOLCOTT and similarly situated persons, regularly worked more than 40 hours during a workweek.

40. Despite her requests, the Defendants refused to pay the Plaintiff REBECCA WOLCOTT for travel time and as a result, failed to pay Plaintiff and similarly situated persons compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

41. In violation of the federal and Michigan law, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated individuals, for all hours worked and at proper wage rates for overtime hours worked.

## V. CLASS & COLLECTIVE ACTION

42. Plaintiff incorporates by reference paragraphs 1 through 40 as fully stated herein,

43. Counts 1 & 2 are brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. 216(b).

44. A copy of Plaintiff REBECCA WOLCOTT's consent to bring her claim for unpaid overtime and travel wages under the Fair Labor Standards Act as a representative action is attached hereto as Exhibit A.

45. The collective class consists of all persons who were, as alleged herein, employees of the Defendants hired as home health aides and who were not properly paid at required minimum wage and overtime rates.

46. Counts 3 & 4 are brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because:

   a. The class of plaintiffs is so numerous that joinder of all class members is impracticable;

   b. These are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

   c. The claims or defenses of the representative party is typical of the claims of the class;

   d. The representative parties will fairly and adequately assert and protect the interests of the class; and

   e. The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

47. The class representative and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime pay.

48. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

49. The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

50. The class representative, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

51. The class representative is able to fairly and adequately represent and protect the interests of the class.

52. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

53. A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

### COUNT 1: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Minimum Wage)

54. Plaintiff incorporates by reference paragraphs 1 through 52 as fully stated herein.

55. At all times relevant to this action, Plaintiff REBECCA WOLCOTT and similarly situated persons were Defendants' employees within the meaning of the Fair Labor Standards Act 29 U.S.C §201 *et. seq.*

56. At all times relevant to this action, Defendants were the employers of Plaintiff REBECCA WOLCOTT and similarly situated persons within the meaning of the Fair Labor Standards Act, 29 U.S.C §201 *et. seq.*

57. In violation of the Fair Labor Standards Act 29 U.S.C §201 *et. seq.*, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal minimum wage rate.

58. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff REBECCA WOLCOTT and similarly situated persons at federal minimum wage rates

59. Defendants knowingly, intentionally, and willfully failed to pay REBECCA WOLCOTT and similarly situated persons at the federal minimum wage rate.

60. As a result of Defendants conduct Plaintiff REBECCA WOLCOTT and similarly situated persons are entitled to an award of damages including but limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys fees, prejudgment interest and other damages as followed by law and equity.

### COUNT 2: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Overtime)

61. Plaintiff incorporates by reference paragraphs 1 through 59 above as though fully stated herein.

62. At all times relevant to this action, Plaintiff REBECCA WOLCOTT and similarly situated persons were Defendants' employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

63. At all times relevant to this action, Defendants were the employer of the Plaintiff REBECCA WOLCOTT and similarly situated persons within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

64. In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

65. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

66. Defendants knowingly, intentionally, and willfully failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

67. As a result of Defendants' conduct, Plaintiff and similarly situated persons are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT 3: VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### (Minimum Wage)

68. Plaintiff incorporates by reference paragraphs 1 through 66 above as fully stated herein.

69. At all times relevant to this action, Plaintiff and similarly situated persons were Defendants' employees within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

70. At all times relevant to this action, Defendants were the employer of the Plaintiff and similarly situated persons within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

71. In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*., Defendants failed to pay plaintiff REBECCA WOLCOTT and similarly situated persons at the Michigan minimum wage rate for all hours worked.

72. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff REBECCA WOLCOTT and similarly situated persons at Michigan minimum wage rates.

73. Defendants knowingly, intentionally, and willfully failed to pay REBECCA WOLCOTT and similarly situated persons at Michigan's minimum wage rate.

74. As a result of Defendants' conduct Plaintiff REBECCA WOLCOTT and similarly situated persons are entitled to an award of damages including but limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as followed by law and equity.

### VIII. COUNT 4: VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### (Overtime)

75. Plaintiff incorporates by reference paragraphs 1 through 73 above as though fully stated herein.

76. At all times relevant to this action, Plaintiff REBECCA WOLCOTT and similarly situated persons were Defendants' employees within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

77. At all times relevant to this action, Defendants were the employer of the Plaintiff REBECCA WOLCOTT and similarly situated persons within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

78. In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*, Defendants failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at Michigan's overtime rate of one and

one-half times their normal rate of pay when working more than forty (40) hours during a week.

79. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff REBECCA WOLCOTT and similarly situated persons at the state's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

80. Defendants knowingly, intentionally, and willfully failed to pay Plaintiff REBECCA WOLCOTT and similarly situated persons at the Michigan overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

81. As a result of Defendants' conduct, Plaintiff REBECCA WOLCOTT and similarly situated persons are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff REBECCA WOLCOTT and other persons similarly situated, known and unknown, demands a jury trial and prays that this Honorable Court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries so wrongfully sustained by the Plaintiff

including but not limited to compensatory damages, liquidated damages, punitive damages, exemplary damages, interest, costs, and attorney fees and other damages allowed in law and equity.

                              Respectfully Submitted,

                              By: */s/ John C. Philo*
                              John Philo
                              Tony Paris
                              MAURICE & JANE SUGAR LAW CENTER
                              FOR SOCIAL AND ECONOMIC JUSTICE
                              4605 Cass Avenue, Second Floor
                              Detroit, MI 48201
                              **Attorneys for Plaintiff**

Dated: January 25, 2019