UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA WOLCOTT,<br>    PLAINTIFF,<br><br>-V-<br><br>AIDING HEARTS, LLC &<br>LISA HERRGUTH,<br>    DEFENDANTS. | NO. 1:19-CV-62<br><br>HON. PAUL L. MALONEY |

## ORDER SETTING ASIDE ENTRY OF DEFAULT

Plaintiff Rebecca Wolcott filed this action against Aiding Hearts LLC and Lisa Herrguth on January 25, 2019. Wolcott achieved service by certified mail as to Herrguth on March 4, 2019 and as to Aiding Hearts on March 6, 2019. After service was completed, no answer was filed, and Plaintiff filed a motion for entry of default as to both Defendants. The Clerk entered a default on April 3, 2019 at 11:59 a.m. (ECF No. 11.)

Less than two hours later, Herrguth filed a pro se answer on behalf of herself and Aiding Hearts. (ECF No. 12.) Herrguth does not appear to be an attorney.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside a default for good cause. In determining whether good cause exists, the court must consider (1) whether the defendant's culpable conduct led to the entry of default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff would be prejudiced by setting aside the default. *Id.* at 324 (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). A decision granting or denying a motion to set aside a default falls within the district court's discretion. *United States v. $22,050.00 United States Currency*,

595 F.3d 318, 322 (6th Cir. 2010) (citation omitted). Ordinarily, district courts should be "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *Id.*

Here, given the extraordinarily short period of time between the entry of default and Defendants' Answer, the Court finds *sua sponte* that good cause exists to set aside the entry of default. Plaintiff will not be prejudiced by setting aside the default, given the brevity of the suit, and Defendant's pro se status counsels in favor of allowing her to litigate her defense on the merits despite this bump in the road. Accordingly, the entry of default is **SET ASIDE.**

**IT IS FURTHER ORDERED THAT** Defendant Herrguth's Answer is **ACCEPTED** and deemed the operative pleading as to her.

However, Aiding Hearts LLC cannot appear before this Court, except through an attorney. *See Doherty v. American Motors Corp.*, 728 F. 2d 334, 340 (6th Cir. 1984). Accordingly, Defendant Aiding Hearts LLC shall secure counsel, who shall make an appearance and enter a responsive pleading to the Complaint <u>not later than June 7, 2019</u>. If Defendant fails to secure counsel within the operative time frame, Plaintiff shall file a renewed motion for default.

Finally, Plaintiff's Second Motion for a Default Judgment is therefore **DISMISSED AS MOOT.** (ECF No. 14.)

**IT IS SO ORDERED**.

Date:  May 10, 2019                                        /s/ Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         United States District Judge